UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**GARY KEIM**                                                                                            **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 4:20-CV-P190-JHM**

**KEVIN R. MAZA et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gary Keim, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and will be allowed to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff was incarcerated at the Green River Correctional Complex (GRCC) when he filed his complaint. He names as Defendants the following GRCC employees: Warden Kevin R. Maza; Deputy Warden Bobby Jo Butts; and nurse practitioner Lessye Crafton. Each is sued in their official and individual capacities.

Plaintiff states that GRCC staff retaliated against him for filing grievances and alerting the media over GRCC's poor response to the pandemic by moving him to Dorm 6, which is the farthest away from "chow and canteen and my work," even though he has COPD, asthma, a torn "menisci" in his right knee, "ACL," arthritis in his knee, emphysema, hypertension, morbid obesity, and edema. He states that on June 26, 2020, he sent a letter to Defendants stating that he could not go to the chow hall without a wheelchair and a pusher. He states that he then went four days without eating because Defendants did not give him a wheelchair until June 30, 2020.

Plaintiff alleges that Defendants have told him that they have looked at his medical records and that all three Defendants knew of his health issues, yet they put him in a "top rack" and a "top walk."

Plaintiff alleges that Defendant Crafton refuses to give him a nebulizer or medicine for his COPD even though she knows that his COPD is disabling. He also alleges that Defendant Crafton gave his cellmate medicine or a nebulizer even though his COPD is not as bad as Plaintiff's. He also alleges that other inmates have been given "ACL" surgery, but Plaintiff has not. He alleges that these denials are both cruel and unusual punishment as well as discrimination. He further alleges that Defendant Crafton refuses everything he asks for, including a knee brace and to see the doctor.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The claims brought against Defendants in their official capacities, therefore, are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. The official-capacity claims will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

The Court will allow the individual-capacity claims against Defendants for alleged retaliation, deliberate indifference to serious medical needs, and violations of his right to equal protection to continue.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for monetary damages against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim

upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the continuing claims.

Date: March 30, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009

4