Exhibit C

501 KAR 6:020

| KENTUCKY CORRECTIONS Policies and Procedures | Policy Number | Total Pages |
|---|---|---|
| | 14.6 | 20 |
| | Date Filed | Effective Date |
| | March 14, 2018 | June 1, 2018 |

| Authority/References | Subject |
|---|---|
| KRS 196.035, 197.020, 197.023 ACA 4-4284, 4-4394, 2-CO-3C-01, 2-CI-5A-2, 2-CI-5A-7, 28 CFR § 115.52 | **INMATE GRIEVANCE PROCEDURE** |

I.     DEFINITIONS

"Business days" means 8:00 a.m. to 4:30 p.m., Monday through Friday, excluding holidays.

"Grievance Aide" means an inmate appointed to assist an inmate with filing a grievance and assist the Grievance Coordinator with assigned tasks.

"Grievance Coordinator" means a staff person appointed by the Warden to monitor and regulate the operation of the inmate grievance procedure.

"Grievant" means the inmate who brings the grievance.

"Institutional Health Authority" means an employee of the Department of Corrections or of a contracted healthcare vendor with administrative responsibility for institutional healthcare operations who is appointed through the Department of Corrections Medical Director's office.  The Institutional Health Authority shall be a licensed medical professional.

II.    POLICY and PROCEDURES

A.     Applicability

This policy shall apply to:

1.     An inmate confined in an institution operated by the Department of Corrections; and

2.     An inmate confined in any contract prison facility whose contract provides for applicability.  If the contract does not provide for this policy to be applicable, then the facility shall have a grievance procedure with the final review submitted to the Commissioner of the Department of Corrections.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 2 |

B.    Grievable Issue

A grievable issue shall include any aspect of an inmate's life in prison that is not specifically identified as a non-grievable issue.  A grievable issue may include:

1.    Personal and social services needs;

2.    Corrections policies and procedures;

3.    Institutional policies and procedures;

4.    Personal action by staff;

5.    Staff conflict; or

6.    Health care concern.

C.    Non-grievable Issues

1.    Appeal of court decision or order;

2.    Parole Board decision;

3.    Non-departmental complaint; for example, Social Security benefits and federal detainers;

4.    Disciplinary procedures, Adjustment Committee decision, Unit Hearing Officer decision, Adjustment Officer decision, or Warden's review of these decisions, incident where the grievant received a disciplinary report and report has been dismissed;

5.    Classification decision or appeal of a classification decision including transfer denial, recommendation, or approval;

6.    Decision concerning the award or denial of educational good time;

7.    Rejected mail;

8.    Open records or open records denial;

9.    Sentence calculation;

10.   SAP (Substance Abuse Program) approval, denial, and SAP dismissals;

11.   Risk and Needs Assessment;

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 3 |

12.    Grieving on behalf of another inmate unless it pertains to an incident of sexual abuse under PREA standard 28 CFR § 115.52(e)(1); or

13.    PREA investigation findings.

D.    Group Grievance

The Grievance Coordinator may consolidate essentially identical grievances that are filed close in time and request roughly the same solutions.

1.    One (1) or two (2) inmates shall be assigned to be the grievants of record, to present the case during the Grievance Committee hearing, and to handle the details of appeals.

2.    The other essentially identical grievances shall be logged and consolidated under the number of the group grievance, but shall not be separately considered.  The Grievance Coordinator shall notify all of the involved inmates of the outcome of the group grievance.

E.    Repetitious Grievances

1.    An inmate shall not regrieve an issue that has been personally grieved within the past six (6) months.

2.    If an inmate files a grievance that is essentially identical to a grievance of another inmate that has been filed and processed through the grievance steps within the past six (6) months, the Grievance Coordinator may provide the grievant with a copy of the Commissioner's previous decision instead of allowing the repetitive grievance to proceed through the normal process.  If the grievant is not satisfied with the previous decision, he may appeal directly to the Commissioner.  The grievant shall have three (3) business days from the date of the receipt of the Commissioner's previous decision to file the appeal.

3.    If the warden determines that an inmate or group of inmates has abused the grievance procedure by filing numerous frivolous or harassing grievances, the Warden may limit the number of grievances which may be filed by that inmate or group of inmates.  An inmate or group of inmates, whose grievances have been limited, shall be allowed to file no more than one (1) grievance every ten (10) business days.  This limitation shall be placed into effect for no more than six (6) months at which time the inmate may apply to the Warden for removal of restricted status.  Restrictions shall be removed or extended for periods not to exceed six (6) months at each application for release.

F.    Extension Clause

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 4 |

1. If any one (1) inmate files more than five (5) grievances in any one (1) work week, the Grievance Coordinator may call a moratorium on the time limits for those grievances.

2. If more than twenty (20) grievances are received by the Grievance Coordinator at a minimum security facility in any one (1) work week, the Grievance Coordinator may call a moratorium on the time limits for those grievances.

3. If more than forty (40) grievances are received by the Grievance Coordinator at a medium or maximum security facility in any one (1) work week, the Grievance Coordinator may call a moratorium on the time limits for those grievances. A moratorium may be called only if the processing of these grievances may cause the processing of other filed grievances to be unduly delayed.

4. If a moratorium on time limits is called, the affected grievances shall be processed within a reasonable time given the other duties of the staff involved and the affected grievants shall be notified in writing.

5. An inmate may request that his time limit be extended by the Grievance Coordinator for just cause.

G. Grievance Coordinator

1. A Grievance Coordinator shall be appointed by the Warden.

2. The Grievance Coordinator shall:

   a. Schedule Grievance Committee hearings;

   b. Keep records, including an accurate written log of all grievances submitted for filing and status;

   c. Monitor operation of the grievance process;

   d. Maintain a central grievance file, including the original grievance;

   e. Assist the Classification Committee in appointing Inmate Grievance Aides;

   f. Ensure compliance with established time limits throughout the process;

   g. Supervise and train all staff and inmates involved in this procedure;

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 5 |

     h.      Supervise the regular posting of summaries of grievance results affecting the population at large;

     i.      Submit requested reports to the Corrections Ombudsman in a timely manner;

     j.      Act as liaison to the Corrections Ombudsman;

     k.      Attend scheduled meetings with the Corrections Ombudsman;

     l.      Forward appeals to the Corrections Ombudsman's Office; and

     m.      Conduct the elections for inmate Grievance Committee members.

H.     Grievance Aide

     1.      Each institution shall seek an adequate number of Grievance Aides to provide access for the institutional inmate population.

          a.      The Grievance Coordinator shall advertise Grievance Aide position vacancies to the inmate population.

          b.      Each applicant shall:

               (1)      Read and write at a skill level appropriate to this position; and

               (2)      Have at least ninety (90) days before meeting the Parole Board or serving out his sentence.

          c.      A Grievance Aide may be dismissed for:

               (1)      Inability to perform his job duties;

               (2)      Poor performance of his job duties;

               (3)      Misuse of responsibility; or

               (4)      Institutional misbehavior which may reduce credibility as an aide.

     2.      The Grievance Aide shall:

          a.      Assist the inmate in the informal resolution process as outlined by institutional procedure;

          b.      Counsel the inmate concerning the grievance process;

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 6 |

      c.     Assist the inmate in the preparation of grievance documents as needed;

      d.     Document in writing the informal action taken to resolve the problem, unless excluded from a health care grievance;

      e.     Keep an accurate file of previously decided grievances and investigate an inmate grievance in light of past decisions, unless excluded from a health care grievance;

      f.     Record each grievance submitted for filing in a written log as directed by the Grievance Coordinator;

      g.     Forward the written grievance to the Grievance Coordinator;

      h.     File a monthly report to the Grievance Coordinator regarding grievance information; and

      i.     Forward any requested report to the Ombudsman via the Grievance Coordinator.

   3.     The aide shall be accessible to the general population and shall follow staff instructions concerning providing access or visits to specialized units, such as segregation.

I.    Grievance Committee

   1.     The Grievance Committee shall be composed of:

      a.     A minimum of two (2) inmates elected by the population at the institution;

      b.     Two (2) staff members; and

      c.     One (1) non-voting chairperson.

   2.     The Grievance Coordinator shall not normally chair the committee.

   3.     An effort shall be made to include some supervisory staff at the level of department head in the group of chairpersons.

   4.     Each institution shall determine the method of assigning and rotating the committee chairperson position.

   5.     A sufficient pool of inmates shall be elected from the general population at large at the institution for a six (6) month term.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 7 |

    a.    A special election may be held by the Grievance Coordinator if the pool reaches minimum occupancy.

    b.    If a sufficient number of nominations have not been received to warrant an election, the Grievance Coordinator may declare those inmates who have been nominated as elected Grievance Committee members.

    c.    If the number of vacant inmate committee member positions makes it difficult to proceed in an efficient manner with Grievance Committee hearings, the Grievance Coordinator may temporarily appoint inmates to the inmate pool, until a new election for the inmate pool is held.

6.    A committee member may be removed for:

    a.    Inability to perform his duties;

    b.    Poor performance of his duties;

    c.    Misuse of responsibility; or

    d.    Institutional misbehavior which may reduce the credibility of the committee member.

Removal from the committee shall be the decision of the Grievance Coordinator and Warden.

7.    If a grievance is filed concerning a conflict with a staff member, that staff member shall not serve as a member of the Grievance Committee reviewing that grievance.

8.    An employee involved in the informal resolution process shall be excluded from serving as a member of the Grievance Committee that hears the grievance.

J.    Inmate Grievance Process

This grievance process shall apply to all inmate grievances with the exception of grievances pertaining to health care concerns including medical, dental or mental health care services involving access to or the quality of these services. Grievances involving unfair or discriminatory treatment, safety, or sanitation in medical, dental or mental health care services shall be considered in this inmate grievance process. A second grievance process for health care concerns is stated later in this policy.

1.    Step 1 – Filing the Grievance and Informal Resolution

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 8 |

a.   Preparing and Filing the Grievance

(1)   The grievance shall be in writing and legible.  It shall be contained within the space on the grievance form and one (1) additional page, if necessary.  Attached evidence shall not be included in this page limit and a reasonable amount of documentary evidence may be allowed.  A waiver of the page limit may be sought from the Grievance Coordinator.

(2)   A grievance about a personal and specific incident shall be filed within five (5) business days after the incident occurs.

(3)   There shall not be a time limit imposed on when a grievant may submit a grievance of an allegation of sexual abuse.

(4)   A grievance shall pertain to one issue.  Separate grievances shall be filed for separate issues and unrelated incidents.  A staff conflict grievance may contain more than one incident, but the incidents shall all relate to the staff conflict at issue.

(5)   The grievant shall include all aspects of the issue and identify all individuals in the "Brief Statement of the Problem" section of the written grievance so that all problems concerning the issue or individuals may be dealt with during step 1.

(6)   The grievant shall not use vulgar or abusive language that is unnecessary to explain the grievance.  If the grievant uses this type of language the grievance may be rejected by the Grievance Coordinator as failing to comply with this procedure.  If the grievance is rejected for this reason, a written explanation shall be provided to the inmate concerning the use of unacceptable language.

(7)   The grievant may list a reasonable number of inmate or staff witnesses or include statements from those who may have relevant information to present concerning the subject matter of the grievance.

(8)   The list of witnesses and any statements shall be submitted in writing with the grievance form.

(9)   An inmate filing a grievance concerning a staff member shall not suggest a specific form of disciplinary action.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 9 |

(10)     A grievance alleging a criminal act involving staff shall be reported by the Grievance Coordinator to the Warden.

(11)     The Grievance Coordinator may reject a grievance that does not comply with the grievance process requirements.  If the grievance is rejected, a written explanation shall be provided to the inmate concerning the reason for the rejection.  A rejected grievance shall still be recorded in the grievance log with a notation indicating that it was rejected.

(12)     The grievant shall attach a copy of supporting evidence.  A copy of an inmate's medical record or other document shall not be provided through the inmate grievance process.

(13)     An inmate or group of inmates shall not distribute a previously prepared grievance to another inmate for his signature. An inmate or group of inmates that are not Grievance Aides shall not prepare a grievance for another inmate without the approval of the Grievance Coordinator. If an inmate needs assistance in preparing a grievance, he shall consult with a Grievance Aide or the Grievance Coordinator.

(14)     A third party, including a fellow inmate, staff member, attorney, or outside advocate, may assist an inmate in filing a grievance relating to an allegation of sexual abuse and shall be permitted to file such a request on behalf of the other inmate.

(a)     When a third party files a grievance on behalf of an inmate, the Grievance Coordinator shall contact the inmate the grievance is filed on behalf of to determine if the inmate agrees to have the request filed on his behalf.

(b)     If the inmate declines, the grievance shall not be filed. The Grievance Coordinator shall document the inmate's decision.

(c)     If the inmate agrees, the grievance shall be filed and the inmate shall be advised that he shall be required to personally pursue any subsequent steps in the grievance process.

b.     Informal Resolution

(1)     After a grievance has been properly filed, an attempt to

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 10 |

resolve the problem shall be made through informal means.

(2)     Informal resolution may involve the Grievance Aide, Grievance Coordinator, department head, or institutional staff. The informal resolution step shall involve inquiries or discussions to attempt to resolve the grievance.

(3)     Interviews shall be made of up to five (5) witnesses, for whom a statement has not been provided by the grievant. The grievant shall provide sufficient justification on his grievance for the Grievance Coordinator to determine whether additional witnesses may be interviewed.

(4)     It may be determined on a case-by-case basis whether additional information is needed from a witness for whom a statement has already been filed.

(5)     For any witness who is interviewed, his statement shall be recorded in writing or by other appropriate means for use at other steps in the grievance process as needed.

(6)     The Grievance Aide or a staff member shall document in writing all attempts at informal resolution of the grievance.

(7)     The Grievance Aide, Grievance Coordinator, or other person acting with the Coordinator's approval, who is handling the informal resolution step, shall have ten (10) business days within which to attempt to resolve the grievance informally. The Grievance Aide or Grievance Coordinator shall notify the grievant of the results of the informal resolution.

(8)     If the grievant is not satisfied with the outcome of the informal resolution step, within five (5) business days of the date of the notice of the informal resolution results, he may make a written request to the Grievance Coordinator that the Grievance Committee hold a hearing concerning his grievance.

(9)     A grievance involving allegations of a sexual offense shall not go through informal resolution or the Grievance Committee, but instead shall go directly to Step 3 after filing and be reviewed by the Warden. See CPP 3.22.

(10)    A grievance involving allegations that may place the grievant or other inmates in physical danger shall not go through informal resolution or the Grievance Committee, but instead shall go directly to Step 3, appeal to the Warden.

| Policy Number | Effective Date | Page |
|:---:|:---:|:---:|
| 14.6 | June 1, 2018 | 11 |

The Grievance Coordinator shall make this determination if the grievance meets this criteria.

2.   Step 2 – Grievance Committee Hearing

   a.   The Grievance Committee shall hear and make a recommendation for each inmate grievance for which a hearing is requested, if the grievant has appropriately complied with the requirements of the grievance process.

   b.   Staff conflict grievance

   (1)   The Grievance Committee shall act as a fact finding body only in a staff conflict grievance. In this capacity, the committee shall review any information gathered by previous steps in the grievance process and may obtain additional information by interviews or written statements.

   (2)   The Grievance Committee shall not recommend specific disciplinary actions to be taken against staff members.

   (3)   A grievant may make a written request to the Grievance Coordinator that a grievance concerning a staff conflict not be heard by the Grievance Committee. The grievant may appeal the informal resolution directly to the Warden and proceed with Step 3.

   c.   The Grievance Committee shall hear the grievance and produce a recommendation within ten (10) business days after the inmate has requested a hearing.

   d.   The inmate shall attend the Grievance Committee hearing unless he has an excused absence or the rules of the specific institution permit or require otherwise. An excused absence requires prior approval from the Grievance Coordinator. Failure by the grievant to attend the hearing shall result in the grievance being dismissed by the committee unless the rules of the specific institution permit or require otherwise.

   e.   The grievant may request that another inmate assist him at the hearing. To have another inmate assist him at the hearing, the grievant shall make the request for assistance in writing when he requests the hearing and name the inmate from whom he wants assistance. If the requested inmate becomes unavailable before the hearing, then the grievant may request approval for a substitute inmate from the Grievance Coordinator.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 12 |

The inmate assistant may be:

(1)     A Grievance Aide; or

(2)     Another inmate who is incarcerated in his institution. The assistant shall be limited to an inmate who is housed in the general population unless the rules of the specific institution permit or require otherwise.

f.     The Grievance Committee shall review the written grievance and any other documentation that was submitted with the grievance or that was gathered in the informal resolution step.

g.     The Grievance Committee may call a witness to appear at the hearing or seek other information at the discretion of the Committee Chairman.

h.     The Grievance Committee shall make a recommendation concerning how to resolve the grievance after the hearing.

(1)     If a majority of the members of the Grievance Committee agree on a recommendation, but a minority dissents, the minority shall be given the option of having his views documented as well.

(2)     A split decision means that two committee members agree on a specific recommendation, but the remaining two committee members agree on a different recommendation. Both recommendations shall be numbered and documented.

i.     After the committee has reviewed the written grievance and held a hearing, the committee shall inform the grievant of its recommendation.

j.     If the grievant is dissatisfied with the committee's recommendation, he may appeal the grievance to the Warden. If the grievant appeals the recommendation, the grievant shall use the appeal form provided (attachment IV). The grievance appeal shall be limited to one (1) page and state a basis for the appeal. The grievant shall have three (3) business days from the date of the notice of the committee's recommendation to file his appeal with the Grievance Coordinator. The Grievance Coordinator shall forward the appeal to the Warden.

k.     If the grievant is satisfied with the committee's recommendation, he shall give written notice of his satisfaction to the Grievance Coordinator within three (3) business days from the date of the notice of the committee's recommendation. The Grievance

| Policy Number | Effective Date | Page |
|:---:|:---:|:---:|
| 14.6 | June 1, 2018 | 13 |

Coordinator shall forward the grievance to the Warden for review of the recommendation.

3.   Step 3 – Appeal to Warden

    a.   The Warden shall examine the grievance and make a decision.  The Warden's decision shall be in writing and clearly state the reasons for the decision.

    b.   The Warden shall respond to the grievance within fifteen (15) business days of receipt of the grievance from the Grievance Coordinator. The Warden may send the grievance back to the informal or committee stage if the grievance requires further investigation or the grievance was not sufficiently answered to enable a response.  All time limits shall start over at the level to which the grievance is returned for additional information.

    c.   A grievant who is not satisfied with the Warden's decision may appeal that decision to the Commissioner. If the grievant appeals the decision, the grievant shall use the appeal form provided (attachment IV). The appeal shall be limited to one (1) page and the grievant shall explain in the appeal why the Warden's decision did not resolve the grievance.  The grievant shall have three (3) business days from the date of the notice of the warden's decision to file an appeal to the Commissioner.

4.   Step 4 – Appeal to the Commissioner

    a.   If the Warden's decision is appealed to the Commissioner, the appeal form shall be sent with the grievance to the Commissioner's Office through the Grievance Coordinator.

    b.   The Commissioner shall review the grievance appeal and make a decision.

    c.   The Commissioner's decision shall be in writing and state the reasons for the decision.

    d.   The grievant may seek the assistance of the Grievance Aide in the preparation of an appeal.  The grievant may request an appeal form from the Grievance Aide.

    e.   The Commissioner shall respond to the grievance within fifteen (15) business days from receipt of the appeal. If the Commissioner determines further investigation or information is needed to enable a response, the fifteen (15) business day response time shall be

| Policy Number | Effective Date | Page |
|:---:|:---:|:---:|
| 14.6 | June 1, 2018 | 14 |

extended to allow completion of the investigation or gathering of the information.

5.  Time Limits

    a.  If a time limit for a response from Corrections staff is not met at any level, the grievant has the option of agreeing to a requested extension of the time limit or having the grievance forwarded without action to the next level of review. For a grievance related to sexual abuse, the inmate shall be provided written notification of any extension with the revised date in which a decision will be made stated.

    b.  If an inmate maintains that a grievance is of an emergency nature, the Grievance Aide shall take it directly to the Grievance Coordinator.

        (1)  If, in the view of the Grievance Coordinator or designee, the grievance is an emergency, it shall be forwarded directly to the Warden or his designee.

        (2)  The Warden shall make a decision or call a special meeting of the Grievance Committee.

        (3)  In either event, action on the grievance shall be initiated within two (2) business days of the time the Grievance Coordinator receives the grievance for a grievance that is not related to sexual abuse.

        (4)  For a grievance related to sexual abuse:

            (a)  A response at the Warden's level shall be made within 48 hours; and

            (b)  A final decision by the Commissioner or designee shall be issued within five (5) calendar days.

K.  Health Care Grievance Process

The health care grievance process shall be used for grievances concerning health care concerns including medical, dental or mental health care services involving access to or the quality of these services. Grievances involving unfair or discriminatory treatment, safety, or sanitation in medical, dental or mental health care services shall be considered in the previous inmate grievance process.

1.  Step 1 – Filing the Grievance and Informal Resolution

    a.  Preparing and Filing the Grievance

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 15 |

(1)     The grievance shall be in writing and legible.  It shall be contained within the space on the grievance form and one (1) additional page, if necessary.  Attached evidence shall not be included in this page limit and a reasonable amount of documentary evidence may be allowed.  A waiver of the page limit may be sought from the Grievance Coordinator.

(2)     A grievance about a specific incident or specific health care decision shall be filed within five (5) business days after the incident or decision occurs.

(3)     A health care grievance may pertain to more than one health care issue.  A health care grievance shall not contain issues that do not pertain to the health care of the grievant.

(4)     The grievant shall include all aspects of the issue and identify all individuals in the "Brief Statement of the Problem" section of the written grievance so that all problems concerning the issue or individuals may be dealt with during step 1.

(5)     The grievant shall not use vulgar or abusive language that is unnecessary to explain the grievance.  If the grievant uses this type of language the grievance may be rejected by the Grievance Coordinator as failing to comply with this procedure.  If the grievance is rejected for this reason, a written explanation shall be provided to the inmate concerning the use of unacceptable language.

(6)     The grievant may make a request to the Grievance Coordinator that Grievance Aides not have knowledge of the specific health care facts he raises in his grievance.  Each institution may prescribe whether these requests shall be made in writing or by other method.  Each institution shall establish a method to allow health care grievances to proceed without Grievance Aides obtaining knowledge of the specific health care facts of the grievance.  Each institution may determine whether it is able to establish a process of filing sealed grievances so that Grievance Aides can perform duties such as logging or forwarding that do not require knowledge of the specific facts of the grievance or whether it prefers to establish a process that excludes Grievance Aides entirely.

(7)     The grievant shall execute an authorization to allow necessary institutional staff, grievance staff, health care

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 16 |

staff, and outside consultants (if used) to share or review health care information so that the grievance can be effectively handled. The grievant may exclude the Grievance Aide from the authorization. If the grievant fails to execute an appropriate authorization, then he shall be considered to have failed to comply with the grievance process requirements.

(8) The Grievance Coordinator may reject a grievance that does not comply with the grievance process requirements. If the grievance is rejected, a written explanation shall be provided to the inmate concerning the reason for the rejection. A rejected grievance shall still be recorded in the grievance log with a notation indicating that it was rejected.

b. Informal Resolution

(1) After a grievance has been properly filed, an attempt to resolve the problem shall be made through informal means.

(2) The Grievance Coordinator shall forward a health care grievance to the Institutional Health Authority. The Institutional Health Authority shall respond, or designate a medical professional who has specific knowledge of the incident being grieved to respond, in an attempt at an informal resolution. The medical authority or designee shall make a written response to the grievance and shall return the grievance with response to the Grievance Coordinator within fifteen (15) business days after receipt of the grievance.

c. If the matter cannot be resolved informally, the grievant may request review by the Health Care Grievance Committee. This appeal shall be made by making a written request for committee review to the Grievance Coordinator within five (5) business days of the date of the notice of the informal resolution results.

2. Step 2 – Review by Health Care Grievance Committee

a. The Health Care Grievance Committee shall be composed of one (1) to three (3) licensed health care professionals and shall be appointed through the Department of Corrections Medical Director's Office.

b. Any employee involved in the informal resolution process of a grievance shall recuse himself from the review of that grievance by the committee. If the grievance pertains to a specific health care provider, that health care provider shall recuse himself from the review of that grievance by the committee.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 17 |

c.      The committee shall make a recommendation for each inmate grievance presented to it that has complied with the requirements of the grievance process.

d.      The committee shall meet and make a recommendation within fifteen (15) business days of receipt of the grievance from the Grievance Coordinator.

e.      The committee shall document its recommendation in writing and notice of the recommendation shall be sent to the grievant.

f.      If the grievant is dissatisfied with the committee's recommendation, he may appeal the grievance for final administrative review. The grievant shall have three (3) business days from the date of the notice of the committee's recommendation to file his appeal with the Grievance Coordinator. If the grievant appeals the recommendation, the appeal shall be made on the appeal form provided (attachment IV) and limited to one (1) page. The inmate shall state a basis for the appeal on the appeal form. The Grievance Coordinator shall forward the appeal to the Department of Corrections Medical Director's Office.

g.      If the grievant is satisfied with the committee's recommendation, he shall give written notice of his satisfaction to the Grievance Coordinator within three (3) business days from the date of the notice of the committee's recommendation. The Grievance Coordinator shall forward the information to the Medical Director's Office for review of the recommendation.

3.      Step 3 – Appeal for Final Administrative Review

a.      The Medical Director shall review the grievance and make a final decision. The Medical Director may seek information from a health care professional outside of the Department of Corrections prior to making a decision.

b.      The Medical Director shall issue a decision within twenty (20) business days after receiving the grievance if information is not sought from an outside source. The Medical Director shall issue a decision within fifteen (15) business days of receiving the information from the outside source, if information is sought.

L.      Additional Extension Clause for Health Care Grievances

1.      If the health care staff member responsible for the informal resolution of health care grievances at an institution receives more than ten (10)

—

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 18 |

grievances and they are due within two weeks of each other, then the Grievance Coordinator may call a moratorium on the time limits for those grievances.

2.      If the Health Care Grievance Committee has more than twenty (20) grievances waiting for review at one time, the Department of Corrections Medical Director's Office may call a moratorium on the time limits for those grievances.

3.      If the Department of Corrections Medical Director's Office has more than twenty (20) grievances waiting for review at one time, then the Medical Director's Office may call a moratorium on the time limits for those grievances.

4.      If a moratorium on time limits is called, the affected grievances shall be processed within a reasonable time given the other duties of the health care staff and the affected grievants shall be notified in writing.

M.      Inmate Transfer

1.      General Grievance

If the grievant is transferred from the institution for any reason, for example, court, hospital or KCPC evaluation, the grievant may appoint another inmate to act in his place with full power to appeal or not, as the appointed inmate may decide.

a.      The appointment shall be submitted to the Grievance Coordinator in writing and signed by the grievant prior to release of the grievant from the institution.

b.      If the grievant fails to appoint another inmate to act for him, then any steps remaining at the institution shall be discontinued and the grievance dismissed upon his transfer.  If prior to an inmate's transfer, his grievance has already been appealed to the Commissioner, then his grievance shall not be discontinued by reason of his transfer.

2.      Health Care Grievance

The grievant shall decide whether to continue with a health care grievance that is still in the grievance process if he is transferred to another institution.

a.      To continue a grievance, the grievant shall notify in writing the Grievance Coordinator at his institution that he wants to continue a health care grievance prior to the transfer.

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 19 |

    b.    The Grievance Coordinator at the institution that the grievance was filed shall retain the grievance information and see that records are maintained concerning the grievance. The Grievance Coordinator at the original institution and the institution where the inmate is currently incarcerated shall work together to send notice to the grievant of a recommendation or decision in the process.

    c.    A grievance shall be discontinued if the written notice is not provided as required in this section, unless the grievant has already appealed the grievance for final administrative review.

N.    Reprisal

To ensure that inmate use of the grievance procedure shall not affect parole review, a grievance shall not be included in a resident institutional or central office record.

1.    Any negative reference to an inmate's use of the grievance procedure shall not be included in his pre-parole progress report.

2.    An individual who believes a reprisal has been made against him as a result of using the grievance procedure may write to the:

    a.    Institutional Grievance Coordinator;

    b.    Warden; or

    c.    Corrections Ombudsman.

O.    Confidentiality of Grievances

1.    All remarks and discussions between individuals involved in the formal resolution process as they consider a grievance shall be confidential and may only be shared with the Grievance Coordinator or the Grievance Aide. Although efforts toward confidentiality shall be made, an inmate filing a grievance shall be on notice by this policy that both staff and the inmate involved in the grievance process have access to the content of the grievance.

2.    Access to the grievance file shall be limited to the Grievance Aide, Grievance Coordinator, and Warden with the following exceptions:

    a.    An individual involved in the active grievance resolution process may have access to any file under consideration and upon request to the Grievance Coordinator, to the file of a grievance considered earlier;

| Policy Number | Effective Date | Page |
|---|---|---|
| 14.6 | June 1, 2018 | 20 |

> b. The grievant shall be provided with one (1) copy of his grievance form. The copy shall be given when the grievance is completed at the institutional level. If an inmate requests a copy of the grievance prior to the completed grievance being provided at the institutional level, the inmate shall pay for the copy; and

> c. Other requests for access to a file may be granted at the discretion of the Warden or designee.

3. A copy of the original grievance may be sent to a supervisor or appropriate staff member for the purpose of investigation or informal resolution. A copy of a grievance alleging a conflict with a particular staff member shall be sent to an appropriate investigating person who shall discuss the substance of the grievance with the affected staff member.

4. A copy of a completed grievance may be sent to appropriate supervisory staff by the Warden for purposes of implementation of final decisions.

5. This policy and procedure shall be subject to the open records exceptions set forth in KRS 197.023.

P. Revisions

1. Any revision of this grievance policy and procedure shall be provided to the Corrections Ombudsman prior to implementation.

2. Any revision of an institutional inmate grievance procedure shall be approved by the Corrections Ombudsman prior to implementation.

3. A revision to Corrections policy, administrative regulation, state or federal law, or any change in Corrections practice or procedure which impacts a previously rendered grievance decision may cause the decision to be modified or rescinded.

Rev. 2018

Attachment I
CPP 14.6

# DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE INFORMATION FORM

_____
NAME OF INSTITUTION

_____
DATE FILED

_____
GRIEVANT'S NAME

_____
GRIEVANCE NUMBER

_____
GRIEVANT'S NUMBER

_____
UNIT/HOUSING ASSIGNMENT

SUBJECT MATTER OF GRIEVANCES (Circle One)

DUE DATES

1. Department Regulations
2. Canteen
3. Conflict with Staff
4. Food
5. Furloughs
6. Inmate Accounts
7. Housing Assignments
8. Grievance Mechanism
9. Institutional Physical Conditions
10. Institutional Regulations
11. Job Assignments
12. Legal Services
13. Mail
14. Medical/Dental/Mental Health Services
   a. Access to Health Care Services (Health Care Grievance)
   b. Quality of Health Care (Health Care Grievance)
   c. Unfair or Discriminatory Treatment (Regular Grievance)
   d. Safety or Sanitation (Regular Grievance)
15. Personal Property
16. Permission to Marry
17. Recreation
18. Religious Services
19. Telephone Calls
20. Treatment Program Assignments
21. Trips away from the facility
22. Visiting
23. Sexual Offense (PREA Grievance)

_____
Informal Resolution

_____
Grievance Committee

_____
Warden/Administrative Review

Notes/ETC.

Rev. 8/2015                                                             Attachment II
                                                                       CPP 14.6

**DEPARTMENT OF CORRECTIONS**
**INMATE GRIEVANCE FORM**

NAME _____     INSTITUTION _____
INSTITUTIONAL NUMBER _____     GRIEVANCE NUMBER _____
UNIT/HOUSING ASSIGNMENT _____     DATE RECEIVED _____

BRIEF STATEMENT OF THE PROBLEM

_____
_____
_____
_____
_____
_____
_____
_____

ACTION REQUESTED

_____
_____
_____
_____

_____   _____   _____
GRIEVANT'S SIGNATURE              DATE        GRIEVANCE AIDE'S SIGNATURE / DATE
_____

**INFORMAL RESOLUTION STAGE**

_____
_____
_____
_____
_____
_____
_____
_____

_____   _____   _____
STAFF SIGNATURE                  DATE        GRIEVANCE AIDE'S SIGNATURE / DATE

I am _____ or am not _____ satisfied with this informal resolution to my grievance.  (You have 5 business days to forward this form to the Grievance Coordinator to request a hearing.)

_____     _____
GRIEVANT'S SIGNATURE                          DATE

Rev. 8/2015                                                    Attachment III General
                                                                         CPP 14.6

## GRIEVANCE COMMITTEE

FINDINGS AND RECOMMENDATIONS                    DATE _____

_____
_____
_____
_____
_____
_____
_____
_____

( ) I AM SATISFIED WITH THE RECOMMENDATION            COMMITTEE MEMBERS:
      OF THE GRIEVANCE COMMITTEE
                                                                 _____
( ) I WISH TO APPEAL THIS RECOMMENDATION TO
      THE WARDEN.  (You have 3 business days to          _____
      forward this form to the Warden.)
                                                                 _____

                                                                 _____

_____               _____
GRIEVANT'S SIGNATURE / DATE                                    CHAIRPERSON

_____

## WARDEN'S REVIEW

REVIEW AND DECISION                    DATE OF DECISION _____

_____
_____
_____
_____
_____
_____
_____

( ) I AM SATISFIED WITH THIS DECISION.

( ) I WISH TO APPEAL THIS DECISION TO THE COMMISSIONER.
      (You have 3 business days to forward this form to the Grievance Coordinator for the Ombudsman.)

_____        _____
GRIEVANT'S SIGNATURE / DATE                            WARDEN'S SIGNATURE

Rev. 8/2015

Attachment III Health Care
CPP 14.6

## HEALTH CARE GRIEVANCE COMMITTEE

FINDINGS AND RECOMMENDATIONS          DATE _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

( )  I AM SATISFIED WITH THE RECOMMENDATION
     OF THE GRIEVANCE COMMITTEE

( )  I WISH TO APPEAL THIS RECOMMENDATION FOR
     ADMINISTRATIVE REVIEW.  (You have 3 business
     days to forward this form to the Grievance Coordinator.)

_____
GRIEVANT'S SIGNATURE / DATE

## ADMINISTRATIVE REVIEW

REVIEW AND DECISION          DATE OF DECISION _____

_____
_____
_____
_____
_____
_____
_____

                              _____
                              MEDICAL DIRECTOR

Rev. 3/2006                                                          Attachment IV
                                                                    CPP 14.6

## DEPARTMENT OF CORRECTIONS
## GRIEVANCE APPEAL FORM

> Please complete this form and attach it to your grievance.  Explain why you are appealing this grievance to the Warden / Commissioner / Health Care Administrative Review (circle appropriate one).

GRIEVANT'S NAME _____     GRIEVANCE NUMBER _____

GRIEVANT'S NUMBER _____      INSTITUTION _____

                                        DATE APPEAL FILED _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____        _____
        GRIEVANT'S SIGNATURE                              DATE

**Commonwealth of Kentucky**          CPP 14.6 Attachment V, Rev. 3/2006

**Department of Corrections – Health Care Grievance Process**
**Authorization for Release of Patient Information**



The undersigned patient authorizes as indicated below the disclosure of the patient's health information:

_____          _____
Name of Patient                                                            Inmate Number

All dates
_____
Date(s) of Treatment to be Released

---

Records and information to be released from:          Records and information to be released to:

Department of Corrections and/or          Any Corrections staff, health care provider, or other individual who is involved in the grievance process for the handling of patient's health care grievance including review by an outside health care professional (if used in the grievance process)

☐ Grievance aides are to be excluded from this authorization if box is checked.

Purpose of Disclosure:

Inmate Grievance Process

Information to be disclosed includes:

☐ Admission Records            ☐ Progress Notes                    ☐ Mental Health Records
☐ Discharge Instructions       ☐ Physical Therapy Notes        ☒ Complete Medical Records
☐ Radiology                           ☐ Dental Records
☐ Laboratory                         ☐ Optometry Records            ☐ Other (Specify):
☐ Medication Records          ☐ Physician Orders/Prescriptions
☐ History and Physical         ☐ Medical Records from Outside Providers

*** I understand that the health records may contain information relating to testing, diagnosis, and/or treatment of hepatitis, HIV/AIDS, sexually transmitted diseases, sickle cell disease, and drug and/or alcohol abuse. I authorize the release of these records, if they are located in my health records, unless I have specifically marked out that type of record from this paragraph. ***

*** I understand that the health records may contain information that may relate to mental health, but are also medical in nature including but not limited to medication prescriptions and monitoring, mental status, functional status, and symptoms. I authorize the release of these records. I understand that this authorization does not include the separate mental health section of my medical record, unless it is marked specifically above. ***

**REVOCATION AND TIME LIMITATION**: I understand that this authorization may be revoked in writing at any time, except to the extent that action has been taken in reliance on this authorization. Unless otherwise revoked, this authorization will expire one year from the date of signature.

**DISCLOSURE**: The grievance process is confidential and disclosure of information gathered in the process is prohibited from disclosure outside of the grievance process without an authorization from the patient/inmate. Records pertaining to drug and/or alcohol abuse treatment are prohibited from disclosure pursuant to 42 C.F.R. Part 2 unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose.

I have read or been informed of the contents of this authorization and all areas were properly completed prior to my signature and I am aware that this form is not required as a condition for treatment. The facility, its employees, and agents are hereby released from any legal responsibility or liability for disclosure of the above information to the extent indicated and authorized herein.

_____          _____
Signature (Patient or Legal Representative and Title)          Date

_____          _____
Signature of Witness (if Patient signs with mark)          Date