Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:20-CV-00190-JHM

ELECTRONICALLY FILED

| | |
|---|---|
| GARY KEIM | PLAINTIFF |
| v. **AFFIDAVIT OF KEVIN MAZZA** | |
| KEVIN MAZZA, ET AL. | DEFENDANTS |

Affiant, Kevin Mazza, after being duly sworn, states as follows:

1. I am currently employed by the Kentucky Department of Corrections as Warden of the Northpoint Training Center.

2. Between 2018 and July 2022 I was employed as Warden at Green River Correctional Complex ("GRCC").

3. I am familiar with the civil action filed by Inmate Gary Keim (DOC #229228), styled as *Keim v. Mazza, et al.*, Western District of Kentucky Case No. 20-CV-00190, as well as the allegations made therein regarding alleged retaliation in violation of Inmate Keim's First Amendment Rights.

4. On April 5, 2020 Green River Correctional Complex had its first inmate test positive for Covid-19. That resulted in every inmate at the prison being tested for Covid-19. After consulting with the Kentucky Department for Public Health, Daviess County Health Department, Owensboro Health, Wellpath (DOC's contracted medical provider), and Department of Corrections leadership, all inmates in general population were then assigned to new housing units based on their exposure status. Inmates who tested positive were placed in one dorm/housing unit. Inmates who tested negative but had direct exposure with someone who tested positive were placed in a separate dorm/housing unit. Inmates who tested negative and had indirect exposure with someone who

tested positive were placed in a third dorm/housing unit. Inmates who tested negative but were considered medically vulnerable were placed in a fourth dorm/housing unit.

5. At the beginning of the Covid-19 outbreak Inmate Keim was assigned to Dorm 2 at GRCC. On May 7, 2020 he was relocated to Dorm 6.

6. Inmate Keim's relocation to Dorm 6 on May 7, 2020 was solely due to his Covid-19 test results and exposure status.

7. Inmate Keim alleges that he was relocated to Dorm 6 in retaliation for filing grievances and telling his aunt to alert the media about GRCC's response to the pandemic. There is absolutely no truth to that allegation. At the time Inmate Keim was relocated to Dorm 6 I was not aware that he had filed any grievances about the prison's covid response or that he had told his aunt to contact the media about the prison's response. Inmate Keim was not singled out when he was relocated to Dorm 6. He was relocated to the same housing unit as all other inmates with the same Covid-19 exposure status.

8. Housing restrictions, such as whether any inmate needs to be assigned to a bottom floor or bottom bunk, are strictly medical decisions made by the contracted medical provider (Wellpath). If an inmate feels they need a housing restriction it is their responsibility to request a medical evaluation.

9. While Inmate Keim was housed at GRCC, there were no housing restrictions placed on him. More specifically, in May 2020 medical staff had not ordered that Inmate Keim be assigned to a bottom floor or bottom bunk.

10. I am aware of Inmate Keim's allegation in his Complaint that after he was moved to Dorm 6 he was unable to walk to the chow hall and that he missed 4 days of meals while waiting for a wheelchair to be given to him.

11. Inmate Keim never informed me that he needed a wheelchair.

12. Wheelchair access is determined solely by the contracted medical provider (Wellpath), based on medical need. Neither myself or any other GRCC employee could have provided Inmate Keim a wheelchair.

13. Due to the Covid-19 protocols that were in place during the months that Inmate Keim was in Dorm 6, all meals were delivered to him in the dorm. At that time the yard was closed, meaning all inmates were required to remain inside their dorm, and GRCC was feeding all inmates in their dorms in order to maintain social distancing.

FURTHER AFFIANT SAITH NAUGHT.

_____
Kevin Mazza, Affiant

COMMONWEALTH OF KENTUCKY

COUNTY OF BOYLE

SUBSCRIBED AND SWORN TO before me this 28 day of March, 2023, by Kevin Mazza.

_____
Notary Public

My Commission expires: 12/18/24
KYNP 20205