<span style="color:blue">Exhibit E</span>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:20-CV-00190-JHM

ELECTRONICALLY FILED

GARY KEIM                                                                                           PLAINTIFF

v.                              **AFFIDAVIT OF BOBBI JO BUTTS**

KEVIN MAZZA, ET AL.                                                                      DEFENDANTS

---

Affiant, Bobbi Jo Butts, after being duly sworn, states as follows:

1. I am currently employed by the Kentucky Department of Corrections as Warden of the Western Kentucky Correctional Complex.

2. Between August 2018 and August 2020 I was employed as a Deputy Warden at Green River Correctional Complex ("GRCC").

3. I am familiar with the civil action filed by Inmate Gary Keim (DOC #229228), styled as *Keim v. Mazza, et al.*, Western District of Kentucky Case No. 20-CV-00190, as well as the allegations made therein regarding alleged retaliation in violation of Inmate Keim's First Amendment Rights.

4. On April 5, 2020 Green River Correctional Complex had its first inmate test positive for Covid-19. That resulted in every inmate at the prison being tested for Covid-19. All inmates in general population were then assigned to new housing units based on their exposure status. Inmates who tested positive were placed in one dorm/housing unit. Inmates who tested negative but had direct exposure with someone who tested positive were placed in a separate dorm/housing unit. Inmates who tested negative and had indirect exposure with someone who tested positive were placed in a third dorm/housing unit. Inmates who tested negative but were considered medically vulnerable were placed in a fourth dorm/housing unit.

5. At the beginning of the Covid-19 outbreak Inmate Keim was assigned to Dorm 2 at GRCC. On May 7, 2020 I approved Inmate Keim's relocation to Dorm 6, B Upper Walk, Bed 11 Upper.

6. Inmate Keim's relocation to Dorm 6 on May 7, 2020 was solely due to his Covid-19 test results and exposure status.

7. Housing restrictions, such as whether any inmate needs to be assigned to a bottom floor or bottom bunk, are strictly medical decisions made by the contracted medical provider (Wellpath). If an inmate feels they need a housing restriction it is their responsibility to request a medical evaluation. Any housing restrictions assigned by medical staff must be reviewed and re-assigned each year.

8. While Inmate Keim was housed at GRCC, there were no housing restrictions placed on him. More specifically, on May 7, 2020 medical staff had not ordered that Inmate Keim be assigned to a bottom floor or bottom bunk.

9. Inmate Keim alleges that I only relocated him to Dorm 6 to retaliate against him for filing grievances and telling his aunt to alert the media about GRCC's response to the pandemic. There is absolutely no truth to that allegation. At the time I approved Inmate Keim's relocation on May 7, 2020 I was not aware that he had filed any grievances about the prison's covid response or that he had told his aunt to contact the media about the prison's response. Inmate Keim was not singled out when he was relocated to Dorm 6. He was relocated to the same housing unit as all other inmates with the same Covid-19 exposure status.

FURTHER AFFIANT SAITH NAUGHT.

_____
Bobbi Jo Butts, Affiant

COMMONWEALTH OF KENTUCKY

COUNTY OF LYON

      SUBSCRIBED AND SWORN TO before me this 30th day of March, 2023, by Bobbi Jo Butts.

```
Regina A. Moore
NOTARY PUBLIC
STATE AT LARGE
KENTUCKY
NOTARY ID# KYNP1264
MY COMMISSION EXPIRES JANUARY 24, 2024
```

_Regina A. Moore_
Notary Public

My Commission expires: 01/24/2024