UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00190-JHM-HBB

**GARY KEIM**                                                                                                                                        **PLAINTIFF**

**VS.**

**KEVIN MAZZA, et al.**                                                         **DEFENDANTS**

### ORDER

Before the Court is *pro se* Plaintiff Gary Keim's motion to compel Defendants Kevin Mazza and Bobbie Jo Butts' responses to interrogatories (DN 105). Defendants filed a response (DN 108), and Keim replied (DN 109).

<u>Procedural Background</u>

Keim served the interrogatories on the Defendants Bobbi Jo Butts ("Butts") and Kevin Mazza ("Mazza") on April 30, 2021, and July 22, 2021 (DN 30, 31).[1] Keim filed an earlier motion to compel the answers to these interrogatories (DN 44), which the District Judge denied as premature in a Memorandum Opinion and Order because the interrogatories were served when Defendants had not filed their answer to the Complaint (DN 66). Subsequently, the Court entered a Revised Scheduling Order on November 23, 2021, extending the discovery deadline to March 21, 2022 (DN 68). The Order reads "Defendants' counsel shall produce to Keim all records or documentation which are relevant to continuing claims" (<u>Id.</u> at 808). The undersigned granted two

---

[1] On July 22, 2021, Keim again served the interrogatories on Butts (DN 45). As the interrogatories in DN 30 and DN 45 are identical, the Court need only rule on Keim's motion to compel as to the interrogatories in DN 30.

extensions of time for Defendants, the latest extending their discovery deadline to March 6, 2023, and their dispositive motion deadline to April 3, 2023 (DN 101).

Keim filed his current motion on March 20, 2023 and asks the Court to order Defendants to answer the interrogatories he "sent to the defendants almost 2 years ago" and which he sent to Defendants three different times (DN 105 PageID # 927-28). Keim also asks the Court to enter an exhibit into evidence (Id. at 928). In their Response, Defendants assert three arguments for why the Court should deny Keim's motion. First, Defendants contend that Keim failed to comply with LR 37.1 by not conferring with Defendants' counsel, since she made her appearance on November 28, 2022, regarding the pending motion (DN 108). Second, they argue the motion is untimely (Id. at PageID # 994). Third, Defendants contend that even if the Court finds responses to the interrogatories are required it should stay the discovery pending the resolution of Defendants' motion for summary judgment (Id.).

In his Reply, Keim contends that he has completed discovery and is only waiting for Defendants' response to his interrogatories. Keim conveys that he filed his first motion to compel over a year ago and it "was denied by the Court, but Orders were made by this court to complete discovery, but…discovery has still not been finished by the Defendants" (DN 109 PageID # 997). Keim's Reply indicates he understood the District Court's Order as requiring Defendants to respond to his interrogatories (Id. at 998). Lastly, Keim states that he was never served with Defendants' motion for summary judgment (Id. at 998).

## Discussion

In consideration of Keim's *pro se* prisoner status and his understanding that interrogatories were due per the District Judge's Order filed November 23, 2021, the undersigned will address his motion, despite his failure to comply with LR 37.1 in the interests of justice and moving the case

forward. Brown v. Pro. Grp., No. 20-11466, 2022 U.S. Dist. LEXIS 194165, at *4 (E.D. Mich. Oct. 25, 2022); Shell v. Ohio Family Rights, No. 1:15CV1757, 2016 U.S. Dist. LEXIS 133360, at *6 (N.D. Ohio Sep. 28, 2016). Defendants' argument that the Court should wait to rule on Plaintiff's motion to compel due to their pending motion for summary judgment is unpersuasive as Keim asserts he has not yet received the motion for summary judgment, and, therefore, he could potentially use the answers to the interrogatories in his response to the motion or in a Fed. R. Civ. P. 56(d) motion.

The undersigned is unconvinced by Defense counsel's timeliness argument. The pending interrogatories were originally served on Defendants April 30, 2021; thus, Defendants should have been aware of the interrogatories for two years. At the latest, Defendants were put on notice of the interrogatories, on November 23, 2021, when the District Judge's Order was filed, stating Defendants "are required to engage in discovery with Plaintiff." (DN 66 PageID # 783). Per the Revised Scheduling Order, Defense counsel was to certify that the production of discovery was complete (DN 68). The deadline to certify discovery was extended to March 6, 2023, by the undersigned (DN 101). Defendants filed their notice of service on March 2, 2023 (DN 104). Keim's motion to compel was dated March 14, 2023,[2] post-marked March 16, 2023, and later filed by the Clerk of Court within eighteen days of the certification of discovery (DN 105). Houston v. Lack, 487 U.S. 266, 275-76 (1988) (establishing the prison mailbox rule as "a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk."). As Keim mailed his motion twelve days after Defendants' certification of discovery, the undersigned finds it is in the interest of justice not to find Keim's motion as time barred, as typically in the

---

[2] Keim has dated his motion March 13, 2023. However, attached with his motion was an affidavit that was dated March 14, 2023.

3

undersigned's scheduling orders parties are allowed fifteen days after the close of discovery to file discovery related motions.

"The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned." Perez v. Smith, No. 1:20-cv-00840-DAD-SAB (PC), 2022 U.S. Dist. LEXIS 19406, at *2 (E.D. Cal. Feb. 2, 2022) (citing Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981)). With the understanding that Keim, a *pro se* prisoner, took the District Judge's Memorandum Opinion and Order as a directive to Defendants to provide the answers to the interrogatories, the undersigned finds that it is appropriate in the interest of justice for Defendants to file answers to the interrogatories. Critically, Defendants and their counsel should have been put on notice of the outstanding discovery, given that Keim's served it on them multiple times and his earlier motion to compel. The undersigned is unsympathetic to a change in Defense counsel as a reason to deny Keim's motion, as Keim should not bear the consequences of his opposing party's awareness of the pending discovery. Muhammad v. Gibson, No. 2:21-cv-4165, 2022 U.S. Dist. LEXIS 85335, at *11-12 (S.D. Ohio May 11, 2022) (stating that defendants' decision to file for sanctions after a deadline passed was "at worst the kind of litigious gamesmanship for which the Court has no tolerance—especially at the expense of a pro se litigant."). Keim's request for the Court to enter in a new exhibit is denied (DN 105 PageID # 927). Fed. R. Civ. P. 5(d)(1)(A) advisory committee's note to 2000 amendment (materials received through discovery should not be filed until they are used as an exhibit in connection with a motion). For example, Keim may file this document in a response to Defendant's motion for summary judgment or any other dispositive motion. (Id.).

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (DN 105) is **GRANTED**, and Defendants must file their responses to the interrogatories within 20 days of this Order.

**IT IS FURTHER ORDERED**, out of an abundance of caution, the Clerk of the Court is directed to mail Plaintiff a copy of Defendants' motion for summary judgment (DN 106).

May 18, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Gary Keim, *pro se*
Counsel of Record

5